# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIRST SAMCO, INC., <br><br> Plaintiff, <br><br> v. <br><br> ELDAD OZ, MOSHE OZ, EMA TACTICAL; M&E TECHNOLOGIES; TACTICAL ARMS; CAA TACTICAL, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 2:10-cv-00232-HB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

AND NOW, this _____ day of _____, 2010, upon consideration of Defendants Eldad Oz, Moshe Oz, EMA Tactical, M&E Technologies, Tactical Arms and CAA Tactical's Motion to Dismiss Plaintiff First Samco Inc.'s Complaint for lack of subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1) and for failure to state a claim pursuant to F.R.C.P. 12(b)(6), and any reply thereto, it is hereby ORDERED that the Motion to Dismiss Plaintiff First Samco Inc.'s Complaint is GRANTED.

BY THE COURT:

_____
The Honorable Harvey Bartle, III, U.S.D.J.

{P0091992}

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| FIRST SAMCO, INC., | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) C.A. No. 2:10-cv-00232-HB |
| ELDAD OZ, MOSHE OZ, EMA TACTICAL; M&E TECHNOLOGIES; TACTICAL ARMS; CAA TACTICAL, | ) |
| Defendants. | ) |

# DEFENDANTS ELDAD OZ, MOSHE OZ, EMA TACTICAL, M&E TECHNOLOGIES, TACTICAL ARMS AND CAA TACTICAL'S MOTION TO DISMISS PLAINTIFF FIRST SAMCO INC.'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6)

Defendants Eldad Oz, Moshe Oz, EMA Tactical, M&E Technologies, Tactical Arms and CAA Tactical ("Defendants") by and through their undersigned counsel hereby file this Motion to Dismiss Plaintiff First Samco Inc.'s Complaint for lack of subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1) and for failure to state a cause of action pursuant to F.R.C.P. 12(b)(6). Defendants hereby incorporate as if set forth herein at length their arguments presented in the attached Brief in Support of their Motion to Dismiss.

WHEREFORE, for the foregoing reasons, and as more specifically set forth in the accompanying Brief in Support of Defendants' Motion to Dismiss, Defendants respectfully requests that this Court GRANT their Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

January 28, 2010

Respectfully Submitted,

Joseph M. Donley, Esquire
Barry L. Cohen, Esquire
Christopher M. Brubaker, Esquire
THORP REED & ARMSTRONG, LLP
One Commerce Square
2005 Market Street, Suite 1000
Philadelphia, PA 19103-7041
(215)640-8500
(215) 640-8501 fax
Attorney for Defendants Eldad Oz, Moshe Oz, EMA Tactical, M&E Technologies, Tactical Arms and CAA Tactical

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| FIRST SAMCO, INC., | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 2:10-cv-00232-HB |
| ELDAD OZ, MOSHE OZ, EMA TACTICAL; M&E TECHNOLOGIES; TACTICAL ARMS; CAA TACTICAL, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS ELDAD OZ, MOSHE OZ, EMA TACTICAL, M&E TECHNOLOGIES, TACTICAL ARMS AND CAA TACTICAL'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF FIRST SAMCO INC.'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6)**

Defendants Eldad Oz, Moshe Oz, EMA Tactical, M&E Technologies, Tactical Arms and CAA Tactical ("Defendants") by and through their undersigned counsel hereby file this Brief in support of their Motion to Dismiss Plaintiff First Samco Inc.'s Complaint for lack of subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1) and for failure to state a claim pursuant to F.R.C.P. 12(b)(6).

**I. INTRODUCTION**

On January 19, 2010, Plaintiff First Samco, Inc., ("FSI") filed a Complaint against the Defendants alleging Copyright Infringement (Count I); Intentional Interference with Business Relationships (Count II); Civil Conspiracy (Count III); Unjust Enrichment (Count IV); and Conversion (Count V), along with an emergency Motion for a Temporary Restraining Order.[1] FSI Complaint must be dismissed because this Court does not have subject matter jurisdiction

---

[1] Along with this Motion to Dismiss, Defendants are simultaneously filing their Brief in Reply to FSI's TRO Motion.

over FSI's claims. In addition, FSI's allegations of copyright infringement must be dismissed because FSI does not have any rights to the alleged copyrighted works.

## II. STATEMENT OF FACTS

FSI admits that Steve Belkowitz Photography Inc. ("Belkowitz") was the photographer who took the images at issue as alleged in FSI's Complaint ("SWAT Images"). (Compl. ¶¶ 20 & 23). As such Belkowitz was (and still is) the owner of the alleged copyrighted works. FSI further claims that Belkowitz contracted with FSI <u>and</u> CAA for use of the SWAT Images for their catalog. (Compl. ¶ 23). FSI does not claim, nor does it provide any evidence that Belkowitz was an employee of FSI or that the SWAT Images are to be considered "works for hire" pursuant to 17 U.S.C. § 101(1).

According to FSI, CAA and FSI each paid 50% of the fees charged by Belkowitz for the use of the SWAT Images. (Compl. ¶ 23). Yet, FSI does not identify any written agreement between it and CAA in which CAA transfers its 50% ownership of the SWAT Images to FSI. Nor is CAA a party to this action. FSI claims that Belkowitz as the photographer originally owned the rights to the SWAT Images. (Compl. ¶ 43). More importantly, FSI does not allege any written agreement between it and Belkowitz in which Belkowitz transfers or assigns its rights in the SWAT Images to FSI. To the contrary, FSI relies upon Exhibits A & C to its Complaint which are the invoices from Belkowitz to FAA and CAA with regard to the SWAT Images.[2] (Compl., Ex. A&C). (True and correct copies of the invoides are attached hereto as Exhibits 1 and 2.) Such invoices specifically state that **"all images and products are the property of Belkowitz, Inc."** Yet, Belkowitz is neither the plaintiff, nor a party to this action.

---

[2] The invoices from Belkowitz are directed to "Fobus/Command Arms." "Command Arms" is also known as CAA and is not a party to this action.

2

In its Complaint, FSI identifies its basis of jurisdiction as federal question and specifically cites 17 U.S.C. § 101, et seq. (Compl. ¶ 9). Yet, no where in its Complaint or in its emergency TRO Motion does FSI identify that it, or anyone else for that matter, actually filed a copyright registration for the SWAT Images at issue with the United States Copyright Office, a prerequisite to maintaining this action.

### III. STANDARD OF REVIEW

"At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" *Petruska v. Gannon University*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortenson v. First Federal Savings and Loan Association, 549 F.2d 884, 891 (3d Cir.1977))*. As it is the party asserting jurisdiction, FSI "bears the burden of showing that its claims are properly before the district court." *Development Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995); *see also Kehr Packages, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (*cert. denied*, 501 U.S. 1222, 111 S. Ct. 2839, 115 L. Ed. 1007 (1991) ("[w]hen subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion"). In reviewing a motion to dismiss pursuant to Rule 12(b)(1), the court must distinguish between facial attacks and factual attacks. *Petruska*, 462 F.3d at 302.

A facial attack challenges the sufficiency of the pleadings, and the court must accept the plaintiff's allegations as true. *Id.* When a defendant attacks a complaint on its face, he "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F.Supp.2d 448, 451 (W.D. Pa. 2001). On a facial attack, dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and

3
{01082765}

frivolous." *Kehr Packages, Inc.*, 926 F.2d at 1409 (quoting *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)).

When a defendant however launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891). In a factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the allegations in the complaint. Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a claim must be dismissed pursuant to Rule 12(b)(6) if the Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1963 (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). As still required post-*Twombly*, the Court accepts all well-pled material allegations in plaintiff's Complaint as true and draws all reasonable inferences therefrom in her favor. *See McCliment v. Easton Area School Dist.*, Civil Action No. 07-0472, 2007 U.S. Dist. LEXIS 58882, 2007 WL 2319768, at *1 (E.D. Pa. Aug. 10, 2007) (citing *Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997) ("In determining the sufficiency of the complaint the court must accept all of plaintiffs' well-pled material allegations as true and draw all reasonable inferences therefrom in favor of plaintiffs")). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Secs.*

*Litig.*, 311 F.3d 198, 215 (3d Cir.2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n. 8 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Bell Atlantic Corp.*, 127 S.Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

## IV. LEGAL ARGUMENT

### A. This Court Lacks Subject Matter Jurisdiction

#### 1. FSI's Claims Are Not Subject To Federal Question Jurisdiction

Federal courts have limited jurisdiction and as a result, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The burden is on FSI to prove the existence of jurisdiction. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). When determining subject matter jurisdiction, "statutes purporting to confer federal jurisdiction are to be construed narrowly, with ambiguities resolved against a finding of federal jurisdiction," given the "well-established principles reflecting a reluctance to find federal jurisdiction unless it is clearly provided . . ." by Congress. *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 518 (3d Cir. 1998) (citations omitted).

FSI identifies its basis of jurisdiction on federal question and specifically on 17 U.S.C. § 101, *et seq.* (Compl. ¶ 9). The Copyright Act provides: "No civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(b). The courts treat this as a jurisdictional requirement. *See, Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203 (3d Cir. 2005)(*citing, Well-Made Toy Mfg. Corp. v Goffa Int'l Corp.*, 345 F.3d 112, 115 (2d

5

Cir. 2003) and *Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279, 283 (4th Cir. 2003)). While failure properly to register a work may not invalidate the copyright itself, it does preclude the maintenance of an infringement action until such time as the purported copyright holder obtains a valid registration. *See Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc.*, 29 F.3d 1529, 1531-32 (11th Cir. 1994); 17 U.S.C. § 411(a); Melville B. Nimmer & David Nimmer, 2 Nimmer on Copyright §§ 7.16[A][1], 7.16[B] (1997). There is absolutely no evidence of, or even a claim by FSI, that anyone filed a registration for the SWAT Images with the U.S. Copyright Office. As such, FSI has not met the jurisdictional requirements necessary to bring a copyright infringement claim.

### 2. FSI's State Claims Are Not Subject To Diversity Jurisdiction

Since there is no federal jurisdiction question, FSI may not bring its state court claims (Counts II – V) pursuant to 28 U.S.C. § 1367. As such the only way for this Court to hear such claims would be for FSI to claim diversity jurisdiction. To satisfy the jurisdictional requirements of 28 U.S.C. § 1332(a)(1), the federal diversity statute, diversity must be complete; that is, no plaintiff can be a citizen of the same state as any of the defendants. *Carden v. Arkoma Assoc.*, 484 U.S. 185, 197, 110 S. Ct. 1015, 1017 (1992) (citations omitted); *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009). In its Complaint, FSI claims that it is a Pennsylvania corporation headquartered in Pennsylvania. (Compl. ¶1). FSI also claims that: defendant EMA Tactical is located in Pennsylvania; and that defendant M&E Technologies is located in Pennsylvania. (Compl. ¶¶ 5-6). As such there is not complete diversity between the plaintiff and all defendants.

B.     **FSI Cannot State a Cause of Action Since It Does Not Own the Copyright Works In Question**

In addition to the fact that this Court does not maintain subject matter jurisdiction, FSI has no right to allege copyright infringement since it does not own any rights to the alleged copyrighted works. Section 106 of the Copyright Act confers several exclusive rights on the owner of the copyright; copying, distribution, and the creation of derivative works. To establish copyright infringement, a plaintiff must show (1) that it owns a valid copyright, and (2) that the defendant copied protected elements of the work. 17 U.S.C. § 106; *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 111 S. Ct. 1282, 1296 (1991) (citations omitted). Thus, FSI must prove that it owns a valid copyright.

As discussed above, there is no evidence that a copyright registration was ever filed with regard to the SWAT Images. Nonetheless, FSI does not maintain any legal rights to the SWAT Images. FSI alleges that Belkowitz as the photographer is the owner of the SWAT Images. Compl. ¶ 43.[3] FSI also claims that Belkowitz transferred the right to reproduce, adapt and distribute copies of the SWAT Images to FSI <u>and</u> CAA. Compl. ¶ 44.[4] Under the Copyright Act, a transfer of ownership "is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed on such owner's duly authorized agent." 17 U.S.C. §204(a). The terms of the conveyance must be

---

[3] Photographs are not per se copyrightable. Rather, a court must examine the particular characteristics and assess what creative choices are evident. *Ets-Hokin v. Skyy Spirits*, 225 F.3d 1068, 1073 (9th Cir. 2000). However, for purposes of this brief only, the question of whether or not the SWAT Images are even copyrightable is irrelevant at this time.

[4] Even if this were true, then FSI would only own 50% of such alleged rights and CAA would own the other 50%. Yet, there is no allegation or any evidence that CAA transferred its alleged 50% right to FSI; nor is CAA a party to this action.

clear, and any ambiguity regarding the transfer must be interpreted in favor of the original copyright holder. *Bieg v. Hovnanian Enters, Inc.*, 157 F. Supp. 2d 475, 480 (E.D. Pa. 2001).[5]

Yet, in the present case there is no written transfer of any rights from Belkowitz to FSI. To the contrary, the exhibits attached to FSI's Complaint state the exact opposite. FSI attached as Exhibits A&C, the two invoices from Belkowitz with regard to the SWAT Images. These invoices specifically state that **"all images and products are the property of Belkowitz, Inc."** Thus, Belkowitz, who is not a party to this action, specifically told FSI that he was retaining all rights to the SWAT Images. This clearly does not satisfy the requirements of 17 U.S.C. §204(a) that a transfer of ownership be in writing.[6]

### 1. FSI Cannot Claim Rights to Images Under the Work For Hire Doctrine

FSI cannot claim that it somehow has rights to the SWAT Images under the work for hire doctrine. Section 201(a) of the Copyright Act provides that a copyright vests initially in the author or authors of the work. In the case of a work for hire, the employer or other person for whom the work was prepared is considered the author. Section 101 of the Copyright Act provides that a work has been made for hire under two circumstances: "(1) if a work prepared by an employee within the scope of his or her employment; or (2) a work specially ordered or commissioned for use as a contribution to a collective work ... if the parties expressly agree in a written instrument signed by them that the work shall be considered a work for hire." 17 U.S.C.

---

[5] This court in *NASCAR v. Scharle*, 356 F. Supp. 2d 515, (E.D. Pa. 2005) relied upon a Ninth Circuit case, which stated, "if the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Carta; a one-line pro forma statement will do." *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990).

[6] As discussed, FSI does not have any interest in any of the exclusive rights granted by the Copyright Act. Thus, FSI lacks standing with respect to the SWAT Images regarding any claims under the Copyright Act. See, Berg v. Obama, 586 F.3d 234, 239 (3d Cir. 2009) ("A prerequisite of standing is that the litigant has suffered or will suffer an injury in fact that is caused by the conduct of the defendant that can be redressed by the court.") Here FSI does not own any right protectable by the Copyright Act and thus it has no injury under the Act.

§ 101(1). The United States Supreme Court has held that general agency principles apply in determining whether or not a work was made within the scope of employment, and has cited factors including, *inter alia*, skill required, source of tools, method of payment, provision of benefits, and tax treatment of the hired party. *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 751-53, 109 S. Ct. 2166, 104 L.Ed. 2d 811 (1989).

Since the only written documents from Belkowitz to FSI state that "all images and products are the property of Belkowitz, Inc.", there is clearly no written instrument identifying that the work shall be considered a work for hire. See, Compl., Ex, A&B. Furthermore, FSI does not claim that Belkowitz was an employee of FSI. Accordingly, FSI cannot claim that the SWAT Images are subject to the work for hire doctrine.

### 2. FSI Cannot Claim An Implied License to the SWAT Images

It is clear that FSI does not own the SWAT Images and that Belkowitz never provided a written transfer of any rights to FSI. Nonetheless, FSI also cannot somehow claim that it has rights to the SWAT Images under an implied license. An implied license exists when the following factors are present: (1) a person requests creation of a work; (2) the creator makes the particular work and delivers it to the licensee who requested the work; and (3) the licensor intends that the licensee requestor copy and distribute the work. *Atkins v. Fischer*, 356 U.S. App. D.C. 403, 331 F.3d 988, 991-92 (DC Cir. 2003). *See also, MacLean Assoc., Inc. v. Wm. M. Mercer-Meidinger-Hansen, Inc.*, 952 F.2d 769, 722 (3d Cir. 1991). Again, since Belkowitz wrote in the invoices that "all images and products are the property of Belkowitz, Inc." it is clear that Belkowitz as the copyright owner (and alleged licensor) did not intend for FSI (the alleged licensee) to copy and distribute the work.

Accordingly, FSI has no rights in any manner to the alleged copyrighted works under the Copyright Act and therefore has no cause of action against the Defendants for copyright infringement.

## V. **CONCLUSION**

FSI's Complaint must be dismissed pursuant to F.R.C.P. 12(b)(1) and 12(b)(6). Specifically, this Court does not maintain subject matter jurisdiction with regard to FSI's allegation of copyright infringement because FSI failed to meet to statutory requirement of the Copyright Act since a copyright registration was never filed with the U.S. Copyright Office per 17 U.S.C. § 411(b). Secondly, FSI does not have standing to bring its claim of copyright infringement because it does not own any rights to the alleged copyrighted works since such rights were never transferred in writing as required by 17 U.S.C. § 204(a). Finally, FSI's remaining state law claims also fail as they are not subject to federal question jurisdiction and FSI cannot claim diversity jurisdiction over the Defendants.

{01082765}

Accordingly, Defendants Eldad Oz, Moshe Oz, EMA Tactical, M&E Technologies, Tactical Arms and CAA Tactical respectfully request that this Court dismiss FSI's Complaint with prejudice and award Defendants their costs and attorney's fees and such other relief as deemed appropriate by this Court.

January 28, 2010

Respectfully Submitted,

_____
Joseph M. Donley, Esquire
Barry L. Cohen, Esquire
Christopher M. Brubaker, Esquire
THORP REED & ARMSTRONG, LLP
One Commerce Square
2005 Market Street, Suite 1000
Philadelphia, PA 19103-7041
(215) 640-8500
(215) 640-8501 fax
Attorneys for Defendants Eldad Oz, Moshe Oz, EMA Tactical, M&E Technologies, Tactical Arms and CAA Tactical

# EXHIBIT 1

Steve Belkowitz Photography, Inc.
229 Vine Street
Philadelphia, PA 19106

# Invoice

| Date | Invoice No. |
|---|---|
| 10/24/08 | A8167 |

| Bill To | Ship To |
|---|---|
| Fobus/Command Arms | Fobus/Command Arms |

| P.O. No. | Terms | Ship Date | Job No. |
|---|---|---|---|
|  | COD | 10/24/08 | Catalog shoot |

| Item | Qty | Description | Rate | Amount |
|---|---|---|---|---|
| Still Job Description |  | Still Job Description: Fobus/CAA Catelog Photography | 0.00 | 0.00T |
| AdvancePre |  | Advance Invoice as per Q8167 | 6,000.00 | 6,000.00 |
| Usage |  | Additional usage must be negotiated | 0.00 | 0.00T |
| Copyright |  | All Images & products are the property of Belkowitz Inc. | 0.00 | 0.00T |
|  |  | Sales Tax | 7.00% | 0.00 |

**Total**     $6,000.00

# EXHIBIT 2

Steve Belkowitz Photography, Inc.
229 Vine Street
Philadelphia, PA 19106

# Invoice

| Date | Invoice No. |
|---|---|
| 11/02/08 | 18167 |

| Bill To |
|---|
| Fobus/Command Arms |

| Ship To |
|---|
| Fobus/Command Arms |

| P.O. No. | Terms | Ship Date | Job No. |
|---|---|---|---|
|  | * See below | 11/02/08 | Catalog shoot |

| Item | Qty | Description | Rate | Amount |
|---|---|---|---|---|
| Still Job Description |  | Fobus/Command Arms catalog shoot (2.5 days shooting) | 0.00 | 0.00T |
| Misc Messages |  | 8 studio shots, 6 holster shots, 1 dective shot, vacant lot scenarios, crack house scenarios | 0.00 | 0.00T |
| Still Project Fee | 1 | Still Project Fee: One (1) long day shooting studio shots | 3,000.00 | 3,000.00T |
| Still Project Fee | 1 | Still Project Fee: One (1) long day shooting "vacant lot" and "crack house" | 3,000.00 | 3,000.00T |
| Still Project Fee | 1 | Partial day Still Project Fee: additional urban landscape photos | 1,000.00 | 1,000.00T |
| S Usage |  | Still Usage: Fobus/Command Arms unlimited trade of all images from the shoot | 0.00 | 0.00T |
| Photo Assisant | 2 | long Day(s) Photography Assistant #1 (shoot, includes OT) | 250.00 | 500.00T |
| Photo Assisant | 1 | Half Day(s) Photography Assistant (additional urban landscape photo) | 150.00 | 150.00T |
| Casting |  | Casting: Invoiced directly | 0.00 | 0.00T |
| Talent |  | Female Talent: will be invoiced directly | 0.00 | 0.00T |
| Talent |  | Male Talent: will be invoiced directly | 0.00 | 0.00T |
| Model Usage |  | Talent Usage: Please remember 4 yrs use for the talent photographs | 0.00 | 0.00T |
| Hair & Makeup | 1 | Day(s) Hair & Makeup | 600.00 | 600.00T |
| Prop Stylist | 1 | Day(s): Wardrobe/Set Stylist: studio day only | 600.00 | 600.00T |
| Catering | 1.5 | Catering: Breakfast/Lunch and Beverages | 300.00 | 450.00T |
| Travel | 154 | miles (77 miles each way) to and from Plainfield | 0.585 | 90.09T |
| Consultant | 1 | Partial Day(s) Freelance Police/security (urban landscape shots) | 300.00 | 300.00T |
| Delivery | 2 | Deliveries: UPS overnight package | 25.00 | 50.00T |
| Copyright |  | All Images & products are the property of Belkowitz Inc. | 0.00 | 0.00T |
| Usage |  | Additional usage must be negotiated | 0.00 | 0.00T |
|  |  | Subtotal |  | 9,740.09 |
| Still Advance Post |  | Advance Payment previously invoiced | -6,000.00 | -6,000.00 |

**Total**

Page 1

Steve Belkowitz Photography, Inc.
229 Vine Street
Philadelphia, PA 19106

# Invoice

| Date | Invoice No. |
|---|---|
| 11/02/08 | 18167 |

| Bill To |
|---|
| Fobus/Command Arms |

| Ship To |
|---|
| Fobus/Command Arms |

| P.O. No. | Terms | Ship Date | Job No. |
|---|---|---|---|
|  | * See below | 11/02/08 | Catalog shoot |

| Item | Qty | Description | Rate | Amount |
|---|---|---|---|---|
|  |  | Sales Tax | 7.00% | 681.81 |

| Total | $4,421.90 |
|---|---|

Page 2

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion of Defendants to Dismiss Plaintiff's Complaint and Memorandum of Law in support thereof has been filed through the ECF system and will be electronically served on all counsel of record who are registered participants.

THORP REED & ARMSTRONG, LLP


By:/s/ Joseph M. Donley
    Joseph M. Donley, Esq.
    Barry L. Cohen, Esq.
    Christopher M. Brubaker, Esq.
    One Commerce Square, Suite 1000
    2005 Market Street
    Philadelphia, PA  19103-7041
    (215) 640-8500
    (215) 640-8501 (fax)
    e-mail: jdonley@thorpreed.com